UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREN REED, a minor child, acting by and through his Guardian, RHONDA ROBBINS, his mother, </br></br>Plaintiffs, </br></br>v. </br></br>PICHER-CARDIN INDEPENDENT SCHOOL DISTRICT, OTTAWA COUNTY, et al., </br></br>Defendants. | Case No. 04-CV-0776-CVE-FHM |

**OPINION AND ORDER**

Now before the Court is the motion to dismiss (Dkt. # 8) filed by defendants Picher-Cardin Independent School District, Bruce Chrz, Brad King, and Lela Horsechief, (collectively, "School District Defendants") as to claims brought against them by plaintiff Darren Reed ("Reed") by and through his mother, Rhonda Robbins, under 42 U.S.C. §§ 1983 and 1985 for deprivation of Reed's rights guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiffs now concede that neither the Equal Protection Clause nor 42 U.S.C. § 1985 apply to the facts of this case. Plaintiffs' Response Brief (Dkt. # 13), at 2, n.1. However, the claim brought under § 1983 and the Due Process Clause remains.

**I.**

Plaintiff Reed was a student at the Picher-Cardin Junior High School. He alleges that on December 12, 2003, he was attacked at school by one or more classmates and that the attacks finally resulted in a broken leg and other injuries. Reed further alleges that the School District Defendants had been aware of the threat posed to him by these other students since the beginning of the fall semester because Reed had discussed it with them. He alleges that after an incident on December

5, 2003 in which his hand was injured by another student, his mother, Rhonda Robbins, also talked to Bruce Chrz (the school principal) about the issue. Chrz allegedly responded that Reed should "try to avoid conflict."

Reed asserts that on December 12, 2003, between his third and fourth hour classes, another student began assaulting him but that, although defendant Brad King was standing nearby, he did nothing to stop it, and that the attack only ended because the bell rang for fourth period classes. Reed was allegedly assaulted several more times during the course of that day, once in the presence of Bruce Chrz, and several times during which Brad King and Lela Horsechief were responsible for overseeing the locker room. No adults were present during the final altercation in which plaintiff alleges his assailant smashed his head against the lockers causing him to black out, then jumped on him, breaking his leg and causing other injuries. After this, plaintiff's cousin called his mother to the school. While she was on her way, King and Horsechief allegedly tried to get plaintiff to get up, calling him a "baby" and telling him to be tough. Emergency medical personnel called to the scene by his mother determined that his leg was broken and took him to the hospital for treatment. Reed asserts that defendants thereby violated his rights to substantive due process by creating a danger to him under color of state law.

## II.

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Department of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). For purposes of making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Ramirez, 222 F.3d at 1240.

However, the Court need not accept as true those allegations that are conclusory in nature. Conclusory allegations state legal conclusions rather than factual assertions. Fugate v. Unified Gov't of Wyandotte County, 161 F. Supp. 2d 1261, 1263 (D. Kan. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III.

A state has no constitutional duty to protect its citizens from private violence. Deshaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195-97 (1989). Furthermore, state actors are generally liable under the Due Process Clause only for their own acts. Id. However, plaintiff argues that his case falls under the "danger creation" doctrine exception to these general rules.

The "danger creation" doctrine generally provides that state officials may be liable for injuries caused by a private actor where those officials created the danger that led to the harm as determined by a six-part test: (1) whether the state entity or individual actors involved created the danger or increased the plaintiff's vulnerability to the danger; (2) whether plaintiff was a member of a limited and specifically definable group; (3) whether defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) whether the risk to plaintiff was obvious or known; (5) whether defendant acted recklessly in conscious disregard of the risk; and (6) whether such conduct, when viewed in total, "shocks the conscience." Ruiz v. McDonnell, 299 F.3d 1173, 1183 (10th Cir.2002), cert. denied, 538 U.S. 999 (2003); Armijo v. Wagon Mound Public Schools, 159 F.3d 1253, 1264 (10th Cir. 1998).

School District Defendants argue that plaintiff has failed to state a claim upon which relief may be granted under the "danger creation" theory of substantive due process in that he has failed to allege affirmative conduct on the part of the School District Defendants which increased the danger to or vulnerability of plaintiff, and in that he has failed to allege the high level of outrageousness required by the test.

The Tenth Circuit has clarified that the "state-created danger doctrine necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger" and that even specific knowledge of the threat posed to students by bullies was insufficient to meet this standard. Graham v. Independent School District No I-89, 22 F.3d 991, 995 (10th Cir. 1994). However, school employees who, aware of a student's suicidal ideation and access to firearms in the home, suspended him and drove him home without notifying his parents, did meet this standard in relation to the student's subsequent suicide. Armijo, 159 F.3d at 1256-57.

> The key to the state-created danger cases . . . lies in the state actors' culpable knowledge and conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid. Thus the environment created by the state actors must be dangerous; they must know it is dangerous; and to be liable, they must have used their authority to create an opportunity that would not otherwise have existed for the third-party's [acts] to occur.

Sanders v. Board of County Commissioners, Jefferson County, Colorado, 192 F. Supp. 2d 1094, 1111 (10th Cir. 2001) (quoting Armijo, 159 F.3d at 1263)); see also Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993) (complaint alleging that police officers assured "skinheads" that police would not interfere if "skinheads" were to beat up flag burners was sufficient to state a complaint under § 1983).

Plaintiffs assert that the School District Defendants affirmatively created an atmosphere encouraging bullies. They allege that the School District Defendants increased Reed's vulnerability to the bullies, the first requirement of a danger creation cause of action.  Their conduct, in ridiculing Reed's plight, could have put Reed at obvious risk of serious, immediate, and proximate harm, a harm that they may be shown to have recklessly and consciously disregarded. Such conduct could certainly be found conscience-shocking, depending on further context as provided by discovery. Accordingly, keeping in mind that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 45-46 (1957), this Court finds that plaintiffs have properly stated a danger creation claim against the School District Defendants.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 8) is hereby **denied**.

**DATED** this 21st day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT